**Bobby LEWIS EL, Plaintiff,**

v.

**Michael O'LEARY, et al., Defendants.**

**No. 86 C 771.**

United States District Court,
N.D. Illinois, E.D.

Feb. 19, 1986.

---

Bobby Lewis El, pro se.

No appearance for defendants.

*Memorandum Opinion and Order*

SHADUR, District Judge.

On September 24, 1984 an inmate or inmates at Stateville Correctional Center ("Stateville") attacked and repeatedly stabbed Bobby Lewis El ("Lewis"), causing him severe injuries. Lewis now tenders a pro se Complaint under 42 U.S.C. § 1983 ("Section 1983"), seeking damages for the asserted failure of several correctional officials[1] to provide him with adequate protection from inmate assault. Lewis requests leave to file the Complaint in forma pauperis.

Prison officials' failure to protect a prisoner from the assaults of other inmates may, under some circumstances, reach constitutional dimensions. *Watts v. Laurent,* 774 F.2d 168, 172 (7th Cir.1985). Deliberate indifference to that need for protection constitutes cruel and unusual punishment actionable under the Eighth Amendment.[2] *Little v. Walker,* 552 F.2d 193, 197 (7th Cir.1977), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978). "Deliberate indifference" encompasses either of two species of culpability: actual intent or recklessness, *id.* at 197 n. 8. As the latter concept is explained in *Benson v. Cady,* 761 F.2d 335, 339 (7th Cir.1985):[3]

---

1. Defendants comprise Stateville Warden Michael O'Leary ("O'Leary"), Stateville Assistant Warden Salvador Godinez ("Godinez"), Stateville Superintendent Eugene Venegone ("Venegone," mistakenly called "Vinogonni" in the Complaint), and Illinois Department of Corrections Assistant Directors Richard DeRobertis ("DeRobertis") and Leo Myers ("Myers").

2. Of course that is not literally true: Because state action is involved, Lewis' claim necessarily arises under the Fourteenth Amendment's Due Process Clause. This opinion simply follows the universal (though technically incorrect) practice of referring to the underlying Bill of Rights guaranty that case law has found incorporated by the Fourteenth Amendment.

3. Lewis does not allege, nor do his allegations produce a reasonable inference of, actual intent on the part of any of the defendants to cause him harm. But in any case the "recklessness" standard is a lower hurdle for him to overcome, so testing his Complaint in those terms is more favorable to him.

A defendant acts recklessly when he disregards a substantial risk of danger that either is known to him or would be apparent to a reasonable person in his position. Recklessness is characterized by highly unreasonable conduct or a gross departure from ordinary care in a situation where a high degree of danger is apparent.

■ Just this past month the law in this area has been significantly altered. It is now definitively established that while a correctional official who recklessly disregards a substantial risk of danger to an inmate may be liable under the Eighth Amendment, one who negligently fails to take reasonable steps to protect an inmate is not. *Davidson v. Cannon,* —— U.S. ——, 106 S.Ct. 668, 88 L.Ed.2d 677 (U.S. 1986) teaches a negligent failure to protect an inmate from harm by fellow inmates is not actionable either under the Eighth Amendment or directly under the Due Process Clause. Hence the critical issue here is whether Lewis alleges sufficient facts to demonstrate more than negligence on the part of any defendant.

Lewis alleges all the defendants except Myers called him into Godinez' office during the last week of August 1984. They informed Lewis they had received an anonymous telephone call indicating his life was in danger. They asked Lewis if he knew anything about the matter. Lewis responded he did not and suggested they transfer him.

Several weeks later, Lewis was again called into Godinez' office (this time by all defendants except DeRobertis). On that occasion Myers asked Lewis about his safety, indicating the prison had received another anonymous phone call threatening Lewis' life. Lewis again said he had not noticed anything unusual. Several days later Lewis was attacked.

Following the attack Lewis was taken to the hospital. After his release from the hospital, prison officials temporarily placed Lewis in the prison's hospital ward before moving him to a lockup area. Several days after he was placed in lockup, Lewis met with Myers, Godinez and O'Leary. Godinez said that he knew Lewis knew the location of a pistol (a serious item of contraband) and that Lewis would be returned to general prison population unless Lewis provided officials with information about the pistol's whereabouts. Lewis indicated he might be able to provide the information defendants sought, but only if he and two other prisoners were transferred to another prison. Godinez agreed to the bargain. When Lewis produced the clip and frame from an automatic pistol, Godinez immediately transferred him from Stateville.

■ Even given the liberal construction required under *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), Lewis' allegations do not exhibit the deliberate indifference required to hold defendants liable under Section 1983. On each of two occasions, after hearing an anonymous threat on Lewis' life, defendants immediately approached him to determine whether the threat had any substance. In each instance Lewis reflected no sense of alarm or cause for concern, and defendants' consequent inaction can scarcely be characterized as "reckless" in the *Benson* sense.

To put the matter in terms of the standard enunciated in *Estate of Davis v. Johnson,* 745 F.2d 1066, 1071 (7th Cir.1984) (quoting *State Bank of St. Charles v. Camic,* 712 F.2d 1140, 1146 (7th Cir.), *cert. denied,* 464 U.S. 995, 104 S.Ct. 491, 78 L.Ed.2d 686 (1983) ):

> In order to infer callous indifference when an official fails to protect a prisoner from the risk of attack, there must be a "strong likelihood" rather than a "mere possibility" that violence will occur.

From what was known to the officials under Lewis' own version of the facts, "mere possibility" rather than "strong likelihood" accurately characterizes the risk involved. Prison officials cannot reasonably be expected to transfer an inmate to another prison every time they receive an anonymous, unverified threat on a prisoner's life.

If anything, defendants' attempts to substantiate the threats indicate a real concern for, rather than reckless disregard of, Lewis' safety. Indeed, that concern is further evidenced by the measures taken to ensure Lewis' safety following his release from the hospital.

 As for defendants' alleged threat to return Lewis to general population, that threat was never actuated. On Lewis' own statement, Godinez really attempted to create leverage out of his concern for prison security—what he sought to do was to recover a contraband weapon that he understood Lewis knew to be secreted within the prison walls (and of which, it may be noted, Lewis did have actual knowledge). Lewis suffered no damage from the claimed threat, so its only arguable relevance might be to reflect back on defendants' prior conduct (in the sense that Godinez' statement might somehow be viewed as probative of defendants' attitude of recklessness in having exposed Lewis to danger before the attack).[4] But given the obvious solicitude for Lewis' welfare evidenced by defendants' prompt and specific inquiries when they had heard the threats to Lewis, the suggested inference is simply too attenuated.

Under the facts Lewis has alleged, then, he has failed to state a colorable claim of deliberate indifference under either the Eighth Amendment or the Due Process Clause. Accordingly this Court finds Lewis' complaint "frivolous" within the legal sense expressed by *Wartman v. Milwaukee County Court*, 510 F.2d 130, 134 (7th Cir.1975). It denies Lewis' motion for leave to file in forma pauperis.

---

**4.** Even that possibility would require that Godinez' statement be treated as evidencing the intent of the other defendants as well—but that would be invalid, for Section 1983 liability is based on notions of personal, not vicarious, responsibility.