**Quentin Cartez WARD, Plaintiff,**

v.

**James THOMAS, James McGrew and Thomas Ronzone, Defendants.**

**No. 89 C 1827.**

United States District Court, N.D. Illinois, E.D.

March 20, 1989.

Quentin Cartez Ward, pro se.

### ORDER

BUA, District Judge.

Quentin C. Ward is an inmate at the Stateville Correctional Center in Joliet, Illinois. He brings this pro se complaint pursuant to 42 U.S.C. § 1983 seeking damages and injunctive relief against three prison correctional officers. The complaint is before the court on Ward's motion for leave to file in forma pauperis.

Ward seeks to hold defendants liable for failing to provide him adequate protection from assault. He alleges that four individuals wearing hooded masks entered his cell in the early evening of July 23, 1988 and began beating him without explanation. Shortly after the beating, defendant Thomas Ronzone passed by Ward's cell while securing the gallery for evening count. Ward informed Ronzone that he needed medical attention. Ronzone contacted defendant James Thomas who in turn called

for a medical technician. Ward was taken to the prison's emergency room and then transferred to an outside hospital. At the hospital, Ward received fourteen stitches to close a wound above his left eye and pain medication. He then was returned to the Stateville infirmary where he remained for three days until the severe swelling on the left side of his face subsided. Following discharge from the infirmary, Ward was placed in segregation in Unit I. On September 20, 1988, he was moved to Cellhouse B–East, the cellhouse where the initial beating occurred. Ward alleges he continues to suffer from headaches, dizziness, blurred vision, and mental stress as a result of the injuries he received in the assault. He blames the assault on defendants' "negligence."

A prison official's failure to protect an inmate from assault violates the Eighth Amendment if the official ignores a strong likelihood of attack or otherwise acts with deliberate indifference to the reasonable security needs of an inmate requiring protection. *See Richardson v. Penfold,* 839 F.2d 392, 394–95 (7th Cir.1988); *Meriwether v. Faulkner,* 821 F.2d 408, 417 (7th Cir.) *cert. denied,* — U.S. —, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). The failure to protect, however, must be the result of conduct that is deliberate or reckless in the criminal law sense. *Goka v. Bobbitt,* 862 F.2d 646, 650 (7th Cir.1988); *Duckworth v. Franzen,* 780 F.2d 645, 652–53 (7th Cir. 1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). It is not enough to allege that a guard negligently failed to take reasonable steps to protect an inmate from assault. *Davidson v. Cannon,* 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

Ward charges defendants only with negligence. Of course, the label a pro se litigant uses to characterize a defendants' action should not be binding if the facts indicate otherwise. *See Jones v. Morris,* 777 F.2d 1277, 1280 n. 5 (7th Cir.1985). But that is not the case here. The facts alleged in the complaint do not evidence deliberate indifference on the defendant's

part. Indeed, it is questionable whether they even show any negligence.

Ward does not allege that defendants had any reason to foresee the attack upon him, or that they in some way encouraged or abetted the violence against him. According to the complaint, defendants took appropriate action in procuring medical treatment for Ward once they learned of his injuries. Ward himself indicates that he even at this date has no desire to be sent to protective custody. Correctional officers are not liable for every attack upon an inmate under their custody. The right to reasonable protection does not include the right to protection from random acts of violence. *See Estate of Davis v. Johnson*, 745 F.2d 1066, 1071 (7th Cir.1984). The complaint in this case portrays no more than such a random act of violence. As such, it does not present a claim of constitutional magnitude.

Accordingly, finding the complaint frivolous as a matter of law, the court, in accordance with the procedures set forth in *Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 758 (7th Cir.1988), denies Ward's motion for leave to file in forma pauperis and dismisses this action with prejudice pursuant to 28 U.S.C. § 1915(d).