Joseph DeSOUTO, Plaintiff,

v.

Marianne COOKE, et al., Defendant.

No. 89–C–1356.

United States District Court,
E.D. Wisconsin.

Dec. 8, 1989.

Joseph DeSouto, pro se.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Joseph DeSouto, currently incarcerated in Waupon Correctional Institution, seeks to file a civil rights complaint alleging that prison officials have unlawfully confiscated various legal documents and personal letters and that they have failed to return them upon request. Mr. DeSouto has also petitioned for leave to proceed as a pauper. For reasons stated below, the petition to proceed in forma pauperis will be granted.

In deciding whether to grant a petition to proceed in forma pauperis, the court must make two initial determinations pursuant to 28 U.S.C. §§ 1915(a) and (d): first, based on the affidavit of indigence, whether the plaintiff is able to pay the costs of commencing an action in district court; and second, whether the complaint is frivolous. A frivolous complaint requires dismissal regardless of the plaintiff's inability to pay.

A complaint is frivolous where none of the legal points are "arguable on their merits" or "the factual allegations are

clearly baseless" or "fanciful." *Neitzke v. Williams*, — U.S. —, — - —, 109 S.Ct. 1827, 1831–34, 104 L.Ed.2d 338 (1989). Simply because a complaint fails to state a claim upon which relief can be granted does not make the complaint frivolous within the meaning of § 1915(d). *Id.* Therefore, district courts are required to apply a less stringent standard than that applied to motions brought pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

■ The plaintiff has alleged that various prison officials have intentionally deprived him of property. An intentional deprivation of property by prison officials is actionable under 42 U.S.C. § 1983 as a violation of the due process clause only if state postdeprivation remedies are inadequate. *Hudson v. Palmer*, 468 U.S. 517, 534, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984). Wisconsin law provides various potential postdeprivation remedies: Wis. Stats. §§ 893.80, 893.82, 895.01 and 968.20. The court is unaware of any cases that have reviewed the adequacy of these state remedies in the context of an intentional deprivation of an inmate's property by a prison official; however a number of cases have held these state remedies to be adequate in cases of intentional torts committed incident to an arrest. *See Gumz v. Morrissette*, 772 F.2d 1395, 1403 (7th Cir. 1985); *Schertz v. Waupaca County*, 683 F.Supp. 1551, 1575 (E.D.Wis.1988).

Mr. DeSouto's complaint must be construed liberally, *Richardson v. Penfold*, 839 F.2d 392, 394 (7th Cir.1988). At this stage of the proceedings it cannot be concluded with certainty that the plaintiff can make no rational argument in fact or in law that would establish the inadequacy of the available state remedies. However, Mr. DeSouto faces an uphill task in establishing the inadequacy of available state postdeprivation remedies.

Therefore, IT IS ORDERED that the plaintiff's request for leave to proceed in forma pauperis be and hereby is granted.