**Paul HUDAK, Plaintiff,**

v.

**JEPSEN OF ILLINOIS, INC., Defendant.**

No. 89 C 6420.

United States District Court, N.D. Illinois, E.D.

May 16, 1990.

Yolanda Haces, Richard Flader, Flader & Haces, Chicago, Ill., for plaintiff.

Julie Badel, McDermott Will & Emery, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Paul Hudak has filed this action against Jepsen of Illinois, Inc. ("Jepsen"), his former employer. Hudak alleges that Jepsen has discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Jepsen has moved for summary judgment and for sanctions under Rule 11. For the reasons given below, we deny both of these motions.

### Background

Hudak worked in Jepsen's warehouse from October 23, 1973 until the fall of 1987, when Jepsen terminated his employment. While Hudak's formal title was "Warehouse Supervisor," he performed functions characteristic of both manager and regular employee. Jepsen contends that it discharged Hudak during the course of on overall reduction in force. Jepsen incurred losses of over $500,000 in 1987, and believed this reduction was essential to improve its financial posture.

According to Jepsen, it was necessary to discharge Hudak in order to honor its contract with its employees' union, Teamsters Local 705. The collective bargaining agreement in force at the time specified that only union members could perform certain duties in the warehouse. When Jepsen determined that it had to discharge one its two warehouse employees, it was forced to fire Hudak, who was not a union member, rather than Vince Owen, who belonged to the union. According to Jepsen, Hudak was given several opportunities to join the union, but declined.

Hudak contends that Jepsen's union contract was not the actual reason for his discharge. Hudak, who was 61 years old at the time he was discharged, claims that Jepsen fired him because of his age. Hudak argues that the only reason that he did not join the union is that Jepsen told him not to join because he was a "management employee."

### Standard of Review

"A motion for summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Checkers, Simon & Rosner v. Lurie Corp.*, 864 F.2d 1338 (7th Cir.1989) (citation omitted). The moving party bears the burden of establishing the absence of any disputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If, however, the nonmoving party bears the burden of proving an issue at trial, it also bears the burden of presenting sufficient facts on summary judgment from which a trier of fact could find in its favor, and the moving party need only "[point] out to the District Court ... that there is an absence of evidence to support the nonmoving party's case." *Id.* at 2554; *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir.1988). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Richardson v. Penfold*, 839 F.2d 392, 394 (7th Cir.1988).

### Discussion

Jepsen claims that it is entitled to summary judgment for two reasons. First, it asserts that Hudak has admitted during the course of discovery that he was not fired because of his age. Second, Jepsen contends that Hudak has failed to produce facts that are legally sufficient to support his claim.

Jepsen argues that Hudak has not produced facts sufficient to establish a prima facie case of age discrimination. Moreover, it argues that even if Hudak has met the prima facie case requirement, he has failed to rebut Jepsen's legitimate nondis-

criminatory justification for its action. However, we find that neither of these arguments entitles Jepsen to summary judgment.

■ Despite a rather complex body of law involving shifting burdens and different tiers of liability, an ADEA plaintiff cannot prevail unless she can demonstrate that the defendant intentionally discriminated against her because of her age. *Burlew v. Eaton Corp.*, 869 F.2d 1063, 1067 (7th Cir.1989). Attempting to capitalize on this principle, Jepsen contends that we should grant summary judgment in its favor because Hudak has admitted that it did not discriminate against him. Jepsen contends that this admission is contained in the following testimony from Hudak's deposition.

Q. Do you have any reason, Mr. Hudak, to believe that your age had anything to do with your termination?

A. No, I don't think so. I don't know. I mean, somebody else would have to give you that answer.

Q. I'm just asking you what you believe.

A. No. Well, I was still capable of doing the job, just like I did when I first started there. I don't think it was my age. I don't know. I mean, I couldn't tell you.

We do not share Jepsen's view that this testimony constitutes an admission by Hudak that his discharge was not discriminatory. Reading the testimony as a whole, it seems clear that Hudak was commenting on the effect that age had on his ability to perform his duties rather than on Jepsen's motivation for firing him. At a minimum, the question and answers are ambiguous. Viewing this evidence in the light most favorable to Hudak, as we must, summary judgment is clearly inappropriate.

■ We also reject Jepsen's argument that Hudak has not established a prima facie case of age discrimination. "In a reduction in force case ("RIF"), as here, a plaintiff can establish a prima facie case by showing: (1) that he was within the protected age group; (2) that he was performing according to his employer's legitimate expectations; (3) that he was terminated; and (4) that others not in the protected class were treated more favorably." *Smith v. General Scanning, Inc.*, 876 F.2d 1315, 1318 (7th Cir.1989), *citing Oxman v. WLS–TV*, 846 F.2d 448, 452 (7th Cir.1988). Jepsen concedes that Hudak has established the first three elements of this test. However, it contends that Hudak has failed to demonstrate that others not in the protected class were treated more favorably.

We disagree. Jepsen made a determination that it had to reduce the number of employees staffed in its warehouse. Faced with a choice between firing Hudak and Vince Owen, who was 28 years old at the time, Jepsen chose to fire Hudak and retain Owen. These facts are sufficient to demonstrate that an individual not in the protected class was treated more favorably than Hudak. Therefore, we find that Hudak has established a prima facie case of age discrimination.

Once a plaintiff has established a prima facie case of age discrimination, the burden of production shifts to the employer to articulate a nondiscriminatory reason for the discharge. *Smith v. General Scanning, Inc.*, 876 F.2d at 1318 (citation omitted). "Satisfaction of the defendant's burden 'dissolves' the presumption of discrimination and shifts the burden back to the plaintiff to prove the defendant's proffered reasons are a pretext for discrimination." *Id.* at 1319 (citation omitted).

■ Jepsen's final argument in support of its motion is that it has articulated a nondiscriminatory reason for discharging Hudak, and that there are no facts which suggest that this reason is pretext for discrimination. Jepsen argues that its obligation to comply with its union contract constitutes a nondiscriminatory reason for discharging Hudak. We agree that this is a legitimate nondiscriminatory reason for discharging Hudak. However, we decline to grant summary judgment in Jepsen's favor because Hudak has produced evidence from which a trier of fact could reasonably conclude that this nondiscrimi-

natory justification is a pretext for discrimination.

There are a number of facts on the record which might lead a jury to this conclusion. First, certain facts suggest that Jepsen encouraged, if not required, Hudak to refrain from joining the union. On two occasions, Hudak was approached by a union representative who asked him to join Teamsters Local 705. However, when Hudak informed Jepsen of these requests, he was instructed not to sign a membership form.[1] Second, Hudak routinely performed tasks in the warehouse that were reserved for union members under the collective bargaining agreement. There are facts on record from which a jury could conclude that by assigning Hudak these duties, Jepsen condoned this breach of the agreement. Finally, when Jepsen fired Hudak, it did not mention that his non-union status was a factor in the decision. It merely told him that they were "cutting back." Hudak has declared that he would have been willing to join the union if he had known that it would save his job.[2]

Given these facts, a jury could question Jepsen's stated reasons for terminating Hudak. Viewing the facts in the light most favorable to Hudak, Jepsen knowingly breached the collective bargaining agreement by assigning Hudak tasks that were supposed to be performed by union members. At the same time, Jepsen instructed Hudak not to become a union member. The trier of fact could reasonably conclude that Jepsen's sudden commitment to the terms of the collective bargaining agreement at the time it terminated Hudak was merely a smokescreen used to hide its discriminatory motives.

### Conclusion

For the reasons given above, we find that Jepsen has failed to establish that there is no genuine issue of fact as to whether it discriminated against Hudak. Therefore, we deny the motion for summary judgment. Because there are genuine issues of fact, we also deny Jepsen's motion for Rule 11 sanctions. It is so ordered.

It is so ordered.

---

1. After Hudak had been employed at Jepsen for ten or twelve years, another union representative sought to enlist him in the union. Hudak turned down this request without consulting Jepsen. Viewing the facts in the light most favorable to Hudak, a jury could conclude that Hudak turned down the request because Jepsen had previously instructed him not to join the union.

2. See Hudak Affidavit, pp. 3, 4.