**Billy Charles FELDERS, Plaintiff,**

**v.**

**Jeffrey MILLER, individually and official capacity and as Deputy Sheriff, police officer Warden of Lake County Jail, Lake County, Indiana; Lt. Yaros, individually and official capacity and as Deputy Sheriff, police officer Lake County Jail, Lake County, Indiana; Don Moses, individually and official capacity and as Deputy Sheriff, Police officer of Lake County Jail, Lake County, Indiana; Alfonso Holliday, M.D. individually and as medical director, Lake County jail, Lake County, Indiana; and other persons individually and official capacity and as police officers at the Lake County Jail Lake County, Indiana, whose true names and identities are unknown Gordon Faulkner, personal and individually capacity and as commissioner of Indiana Department of Correction; medical staff, correctional official, correctional officers and other persons, personal and individually capacity employed at the serving at the Indiana Diagnostic Reception Center, whose true names and identities are unknown; Han Chul Choe, M.D. personal and individually capacity, and as doctor of Indiana Reformatory; Robert Doster, M.D. personal and individually Medical Director, and as doctor of Indiana State Prison, Defendants.**

**Civ. Nos. S86–533, S87–29 and S88–76.**

United States District Court,
N.D. Indiana,
South Bend Division.

Oct. 4, 1991.

Billy Charles Felders, pro se.

Hamilton Carmouche, Merrillville, Ind., Michael A. Schoening, Indianapolis, Ind., James T. McNiece, Merrillville, Ind., James L. Wieser, Highland, Ind., Wardell Hampton, Lake County Atty., Gary, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This court has carefully reviewed a written transcript in 94 pages of the proceedings in the above cases held before Magistrate Robin D. Pierce on August 14, 1991, at the Indiana State Prison. To the extent that it is necessary to do so, this court confirms the dismissal of cause number S87–660, and it is now SO ORDERED. Also, the following Order should be entered in the above three referenced cases.

The court next takes up S88–76 and the motion for summary judgment filed by the defendants on August 20, 1991, and notes the compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). It should be noted as it was in the August 14, 1991, pretrial, that in S88–76, *DeBase v. Doster*, only Dr. Doster remains as a party defendant. The question is whether summary judgment should be granted.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *accord Arkwright–Boston Mfrs. Mut. Ins. Co. v. Wausau Paper Mills Co.*, 818 F.2d 591, 593 (7th Cir.1987). A material question of fact is a question which will be outcome-determinative of an issue in that case. *Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir. 1984).

Recently, the Supreme Court of the United States took the opportunity to address Rule 56. In two cases decided on the same day, the Court expanded the scope of the application of Rule 56. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

After *Celotex*, it is clear that a non-moving party may not rest on its pleadings to avoid summary judgment. 477 U.S. at 325–26, 106 S.Ct. at 2553–54. *See also Catrett v. Johns–Manville Sales Corp.*, 826 F.2d 33 (D.C.Cir.1987), *cert. denied*, 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). The initial burden is on the moving party to demonstrate " 'with or without supporting affidavits' " the absence of a genuine issue of material fact, and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Rule 56). Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine [material] issue for trial.' " *Id.* Furthermore, in *Anderson*, the Court held that what facts are material in a specific case shall be determined by the substantive law controlling that case or issue. 477 U.S. at 248, 106 S.Ct. at 2510. In addition, the court went on to interpret Rule 56 as requiring that the courts analyze summary judgment motions utilizing the standard of proof relevant to that case or issue. *Id.* at 252–55, 106 S.Ct. at 2512–14. For recent academic insight into *Celotex* and *Anderson*, see Childress, *A New Era for Summary Judgments: Recent Shifts at the Supreme Court*, 116 F.R.D. 183, 194 (1987), where the author states:

> The recent Supreme Court cases likely require that summary judgment be more readily granted.... This emerging trend signals a new era for summary judgment, one in which the old presumptions are giving way to a policy of balancing and efficiency, and the mechanism is more appropriate to double as a sufficiency motion—allowing some sort of trial itself on the paper record.

For the judicial epilogue of *Celotex*, see *Catrett v. Johns–Manville Sales Corp.*, 826 F.2d at 33. A recent object lesson applying these ideas is found in *Puckett v. Soo Line Railroad Co.*, 897 F.2d 1423 (7th Cir.1990); *Richardson v. Penfold*, 839 F.2d 392 (7th Cir.1988). *See also Jamison–Bey v. Thieret*, 867 F.2d 1046 (7th Cir.1989). For an exact and recent analysis on this subject, see Friedenthal, *Cases on Summary Judgment: Has There Been a Material Change in Standards?* 63 Notre Dame L.Rev. 770 (1988).

There is little doubt, and it is not disputed, that the conduct of Dr. Doster constitutes state action under *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). That is not the issue. The issue is whether there is deliberate indifference as that issue is and has been defined in this circuit. The opinion of Chief Judge Bauer in *Richardson v. Penfold*, 839 F.2d at 392, remains the most liberal statement of the rules in this circuit, and that decision has to be laid along side the recent Supreme Court decision of *Wilson v. Seiter*, — U.S. —, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).[1] Also, cases such as *Holmes v. Sheahan*, 930 F.2d 1196 (7th Cir.1991), and *Maul v. Constan*, 928 F.2d 784 (7th Cir.1991), need to be examined in the specific context of prisoner medical treatment.

This plaintiff, Johnny A. DeBase, claims to have contracted tuberculosis on or about December, 1985, and was not provided with adequate medical care based on deliberate indifference by Dr. Doster. The seminal case on deliberate indifference with regard to medical treatment is *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). *See also* this court's opinion in *Miller v. Schacht*, 567 F.Supp. 510 (N.D.Ind.1983). Understandably, United States district judges are reluctant to impose their views of appropriate medical

---

**1.** It would *now* appear that there has been an erosion of *Richardson v. Penfold,* 839 F.2d 392 (7th Cir.1988), in *McGill v. Duckworth,* 944 F.2d 344 (7th Cir.1991). *McGill* was decided when the preparation of this memorandum was well along. While *McGill* was here, Judge Miller apparently attempted to instruct under *Richardson,* 839 F.2d at 392, and was reversed for doing

so. The one-sentence footnote by Judge Cudahy in his *McGill* dissent is most revealing:

> I agree that the Eighth Amendment theory may not fly because McGill could not establish that the defendants had *actual knowledge* of the threat of rape and yet failed to intervene.

treatment in the face of the judgment of attending physicians. It is certainly true that simply because an inmate and an attending physician have a difference of opinion with regard to the adequacy of treatment or the results does not state a claim based on deliberate indifference under 42 U.S.C. § 1983. It is this statute upon which this plaintiff's claims are based against this doctor. The same invokes the subject matter jurisdiction of this court under 28 U.S.C. §§ 1331, and 1343(a)(3) and (4). Specifically, see *Duncan v. Duckworth,* 644 F.2d 653 (7th Cir.1981). Certainly, mere delay in receiving treatment does not generally involve deliberate indifference. *See Duncan, Id.*

■ A claim for *negligent* medical malpractice does not in and of itself state a claim under 42 U.S.C. § 1983. *See Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), and *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). *See also Penn v. Starks,* 575 F.Supp. 1240 (N.D.Ind.1983).

■ The elaborate medical evidence in the record of this case clearly establishes beyond any dispute that this plaintiff does not now have or has never contacted during the time frame alleged in this case the communicable disease of tuberculosis. It is true that he was administered a routine skin test for tuberculosis on May 19, 1978, while at the Reception Diagnostic Center and the results were negative. Later that same year on November 9, 1987, plaintiff DeBase was again administered a test for tuberculosis while at the Indiana State Prison. The results were considered positive because there was a reaction measuring 11nn, and anything 10nn is considered positive. Because of the positive reading on November 9, 1987, in regard to the above described skin test, a chest x-ray was taken on November 18, 1987, at the medical facility at the Indiana State Prison. The results of that x-ray were unremarkable, showing no signs of tuberculosis. On Feb-

ruary 18, 1988, Dr. Doster met with plaintiff DeBase and informed him of the skin test results which were positive and the chest x-ray which was negative. On February 19, 1988, another chest x-ray was taken and again there were no signs of tuberculosis. On February 15, 1988, a urine sample of plaintiff DeBase was submitted to the Indiana State Department of Health for testing for the presence of tuberculosis, which proved to be negative.

On March 28, 1988, three sputum samples were submitted to the Indiana State Board of Health from plaintiff DeBase, and all proved negative for the presence of tuberculosis. The medical records and the test results of plaintiff DeBase indicate that he shows a significant reaction to the tuberculosis skin test, but has no clinical or x-ray evidence of tuberculosis. On April 21, 1988, the defendant, Dr. Doster, ordered that plaintiff DeBase be given an INH as a prophylactic medical procedure to prevent the onset of tuberculosis.

The above steps taken by Dr. Doster certainly belies any claim of deliberate indifference and lead solely to the evidentiary conclusion that this plaintiff has never, during any relevant time in this case, contacted or had the communicable disease of tuberculosis.

On the basis of those considerations and the current status of the law as described here, this defendant, Dr. Doster, is entitled to the granting of his motion for summary judgment as against the plaintiff. The Clerk shall enter judgment in favor of Dr. Robert Doster and against the plaintiff, Johnny A. DeBase. Each party shall bear its own costs in S88–76. IT IS SO ORDERED.

The court now turns to the two cases in which Billy Charles Felders is a plaintiff, namely S86–533 and S87–29.[2]

In S86–533 the defendant, Lake County, has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) and have complied

---

**2.** The court notes that plaintiff Billy Charles Felders was also a party in *Felders v. State,* 516 N.E.2d 1 (Ind.1987); *Felders v. Clark,* S89–582; *Felders v. Carpenter,* S89–413; *Felders v. Duck-* *worth,* S89–111; *Felders v. Duckworth,* S88–446; *Felders v. Holcomb,* S87–607; *Felders v. Duckworth,* S87–73; *Felders v. Duckworth,* S86–541, and *Felders v. Duckworth,* S86–170.

with *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982).

Attempting to bring a case under either 42 U.S.C. § 1983 or § 1985 against a municipal corporation has to be at least preliminarily viewed under *Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), *Owen v. Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), and *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). For relevant authority, see also *Hedge v. County of Tippecanoe,* 890 F.2d 4 (7th Cir.1989). A most recent and relevant judicial diagnosis of the *Monell* decision in a case emanating from this court is found in *Woods v. Michigan City, Indiana,* 940 F.2d 275 (7th Cir.1991). The reasoning and result of Judge Miller of this court and Judge Manion of the Court of the Appeals as there reflected fully supports the reasoning and result here. *See* also the underlying opinion in *Woods v. Michigan City,* 685 F.Supp. 1457 (N.D.Ind.1988).

 The decisional law is clear that there must be individual participation and involvement by a defendant, and that the concept of respondeat superior cannot be the basis for holding a municipality liable for either the negligent or the intentional acts of its employees unless a policy of practice can be established. *See Rascon v. Hardiman,* 803 F.2d 269 (7th Cir.1986); *Wellman v. Faulkner,* 715 F.2d 269 (7th Cir.1983), *cert. denied,* 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 885 (1984); *Duncan v. Duckworth,* 644 F.2d 653 (7th Cir.1981); and *Adams v. Pate,* 445 F.2d 105 (7th Cir. 1971). The proceedings held before Magistrate Pierce on August 14, 1991, indicate that this plaintiff, Billy Charles Felders, brought the municipality of Lake County, Indiana, into this case purely as a device to collect any judgment that might be entered. That is simply not enough to cause defendant Lake County to be detained in this case. The motion for summary judgment absolutely establishes a right to judgment as a matter of law in favor of Lake County, Indiana. The Clerk shall enter judgment as a matter of law in favor of Lake County, Indiana, and against the plaintiff, Billy Charles Felders. Each party shall bear its own costs in S86–533. IT IS SO ORDERED.

The court now takes up the motion for summary judgment, filed in S87–29 on August 20, 1991, by defendants Jack Duckworth, Bernard Johnson, Steward Miller, Sgt. Jones, Sgt. Rimmer, Lt. Sharp, Dr. Doster, and Dr. Cook. Said motion complies with *Lewis,* 689 F.2d at 100. Certainly, it can be said without fear of contradiction in the proceedings had on August 14, 1991, that the plaintiff, Billy Charles Felders, is attempting to scatter his shots and claims all over the field. This particular motion for summary judgment focuses on the charge that this plaintiff personally appeared before a Conduct Adjustment Board (CAB) on November 19, 1986, at the Indiana State Prison and was physically accosted by various defendants in this case and received physical injury, for which he was denied medical care on the basis of deliberate indifference. The cases in regard to the standard applicable to the delivery of medical care for prisoners are already above cited.

Very recently, Judge Manion, speaking for the Court of Appeals in *Salazar v. Chicago,* 940 F.2d 233 (7th Cir.1991), revisited a number of cases involving the delivery of medical services to prisoners, both pretrial detainees and convicted prisoners in custody. There can be little doubt that deliberate indifference is the standard applicable to the delivery of medical care for prisoners.

 With regard to the incident on or about November 19, 1986, it is undisputed in the medical records that this plaintiff, Billy Charles Felders, was seen by Dr. Cook but that he was belligerent and uncooperative and refused treatment. That attitude of belligerence and non-cooperation is clearly evidence in the lengthy and protracted proceedings by Magistrate Pierce on August 14, 1991, and Magistrate Pierce is to be commended for the great

patience that he exhibited to Mr. Felders during that nearly four-hour session. Plaintiff Felders did in fact receive medical treatment for his injuries received on November 19, 1986, and by no stretch of the imagination has he even come close to establishing deliberate indifference, as most recently delineated by the majority opinion in *Woods v. Michigan City*, 940 F.2d at 275.

■ From the record in this case, it appears from the reports and affidavits that on November 19, 1986, the plaintiff, Billy Charles Felders, appeared before a CAB on a charge of being an habitual rule violator. Upon being found to be an habitual rule violator, this plaintiff refused to leave the room and was escorted to a segregation unit. Plaintiff Felders then refused orders to allow an officer to shackle and escort him from the room. Lieutenant Sharp, Sgt. Rimmer and Sgt. Jones then physically took control of Felders, placed him on the ground on his stomach, shackled his hands behind him in order to remove him from the room. At all relevant times, plaintiff Felders resisted and was given a further conduct report for physically resisting a staff member for which he was later found guilty.

These defendants do not deny that force was used against Felders. *See*, for example, *Colon v. Schneider*, 899 F.2d 660 (7th Cir.1990). The use of such force in some context was well discussed by Judge Henry F. Friendly in *Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). The Supreme Court of the United States dealt with the permissible use of force in *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), and the above cited recent decision in *Wilson v. Seiter*, 111 S.Ct. at 2321, clearly establishes deliberate indifference as a standard of proof. In fact, *Wilson* mandates that the actions of prison officials must be done with deliberate and malicious intent to cause injury. It is highly doubtful if any of the aforesaid conduct meets the standard described. It is even doubtful that *Lock v. Jenkins*, 641 F.2d 488 (7th Cir.1981), if still valid, would

provide any help to this plaintiff. It is certainly not for this court to decide whether *Colon*, 899 F.2d at 660, which did not explicitly cite *Lock*, 641 F.2d at 488, in any way eroded it. That decision must be made at a higher level of the federal judiciary.

It should also be mentioned that the handwritten memorandum filed *pro se* by plaintiff Felders on August 26, 1991, was transcribed by a typist employed by this court at the insistence of this court, and the transcribed version has been filed in the court record and provided to all concerned.

Because of the nature of this record, it is necessary for this court in the interest of the greatest of caution, to deal with a number of issues that are raised. This court is under a statutory burden by the Congress of the United States, pursuant to the Civil Justice Reform Act of 1990 (28 U.S.C. §§ 471 et seq.), to attempt to move along these kinds of cases in an expeditious fashion, which is an easier task to talk about than to do.

Apparently, this plaintiff is raising here the twin issues of the lack of probable cause for arrest without warrant and the adequacy of the information by which he was charged of a criminal offense in the state court. This court is well aware of *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). *But see Dommer v. Hatcher*, 427 F.Supp. 1040 (N.D.Ind. 1975), *rev'd in part*, 638 F.2d 1031 (7th Cir.1980), *opinion withdrawn*, 653 F.2d 289 (7th Cir.1981). However, more recently, the Supreme Court of the United States dealt again with the subject involved in *Gerstein*, 420 U.S. at 103, 95 S.Ct. at 854. *See County of Riverside v. McLaughlin*, —— U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991).

Certainly, if there has been a probable cause determination in which this plaintiff has been a party, the same may well be binding on this plaintiff if he has been given the full due process right to contest the same with counsel. That was not the situation in *Bailey v. Andrews*, 811 F.2d 366 (7th Cir.1987), and apparently was not the situation in *Llaguno v. Mingey*, 763 F.2d 1560 (7th Cir.1985). The issue as to

probable cause asserted here is similar to that presented in *Holdeman v. Consolidated Rail Corp.*, 649 F.Supp. 1188 (N.D.Ind. 1986), *aff'd by unpublished order*, 840 F.2d 20 (7th Cir.1988).

There is nothing in this record to indicate that any of the parties who remain in this case violated the mandates of *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), in regard to the time when plaintiff Felders was a pretrial detainee on December 5, 1983 through May 8, 1985, in the Lake County Jail at Crown Point, Indiana. Although this plaintiff threatens a lawsuit against the then Lake County Prosecutor, Jack Crawford, on the basis of *Burns v. Reed*, —— U.S. ——, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991), that case is not before this court and this court is not yet required to decide the issue of prosecutorial immunity, as delineated in *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). *But see also Wolf v. Napier*, 742 F.Supp. 1014 (N.D.Ind.1990).

Apparently, the plaintiff's charge as to a so-called kangaroo court relating to the conduct of the prosecutor, T. Edward Page, and a commissioner in regard to proceedings on December 5, and 7, 1984, in 4CR–227–11284–885, represents an attempt to re-litigate the issue of this plaintiff's guilt. *King v. Goldsmith*, 897 F.2d 885 (7th Cir. 1990), simply does not authorize that enterprise. This plaintiff may, if he hasn't already, raise issues under 28 U.S.C. § 2254, but this is not such a case. This case is under Title 42 U.S.C. § 1983. His statement with regard to medical care in 1991, or the lack thereof, is simply not before this court. This case was filed in 1986 and cannot be used as an ongoing and continuous statement of continuing claims against these defendants. To the extent that this plaintiff may have claims based on deliberate indifference in the delivery of medical care during a time after the filing date of this case, the same may be raised, if timely, in another proceeding.

Plaintiff Felders' contention here that the conduct of a commissioner in the Lake Superior Court, Criminal Division was somehow violative of his constitutional rights, is completely frivolous and not worthy of attention. None of this plaintiff's contentions as against the state defendants represented by the Attorney General of Indiana, have any arguable merit under 42 U.S.C. § 1983. Additionally, no claim under that statute as against the municipal corporation of Lake County, Indiana, has any constitutional merit.

On the basis of the aforementioned considerations and the current status of the law as described here, these defendants, Jack Duckworth, Bernard Johnson, Steward Miller, Sgt. Jones, Sgt. Rimmer, Lt. Sharp, Dr. Doster, and Dr. Cook, are entitled to the granting of their motion for summary judgment as against the plaintiff. The Clerk shall enter judgment in favor of defendants Jack Duckworth, Bernard Johnson, Steward Miller, Sgt. Jones, Sgt. Rimmer, Lt. Sharp, Dr. Doster, and Dr. Cook, and against the plaintiff, Billy Charles Felders. Each party shall bear its own costs in S87–29. IT IS SO ORDERED.

Unfortunately, this court is not yet permitted to finally deal with the issues in this case. In this regard on September 5, 1991, this plaintiff filed a motion for default judgment as against certain individuals who apparently dealt with him while they were employed by Lake County, Indiana. This court has previously expressed the view that the attorneys who have been, and now are, representing certain defendants have engaged in extremely sloppy and indifferent law practice. This court is very tempted to grant a default under Rule 55, Fed.R.Civ.P., and impose sanctions under Rule 16(f), Fed.R.Civ.P., because the attorneys representing these parties did not bother to attend the pretrial conference in this case. However, as stated in this court's order of September 16, 1991, it will not do so. Fortunately for these attorneys, such defaults are not favored in this circuit. *See Inryco, Inc. v. Metropolitan Engineering Company*, 708 F.2d 1225, 1230 (7th Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983). However, this circuit has acknowledged some movement away from the traditional position strongly disfavoring default judgments, as well as an increasing reluctance to set

them aside. *See Dimmitt and Owens Financial, Inc. v. United States,* 787 F.2d 1186, 1192 (7th Cir.1986).

For the foregoing reasons:

(1) The motion for summary judgment filed in S88–76 by defendant Doster is hereby GRANTED. The Clerk shall enter judgment in favor of Dr. Robert Doster and against the plaintiff, Johnny A. DeBase. Each party shall bear its own costs.

(2) The motion for summary judgment filed in S86–533 by defendant Lake County is hereby GRANTED. The Clerk shall enter judgment in favor of Lake County, Indiana and against the plaintiff, Billy Charles Felders. Each party shall bear its own costs.

(3) The motion for summary judgment filed in S87–29 by defendants Jack Duckworth, Bernard Johnson, Steward Miller, Sgt. Jones, Sgt. Rimmer, Lt. Sharp, Dr. Doster, and Dr. Cook is hereby GRANTED. The Clerk shall enter judgment in favor of defendants Jack Duckworth, Bernard Johnson, Steward Miller, Sgt. Jones, Sgt. Rimmer, Lt. Sharp, Dr. Doster, and Dr. Cook and against the plaintiff, Billy Charles Felders. Each party shall bear its own costs.

Plaintiff Felders' claims remain at issue with respect to defendants Jeffrey Miller, Lt. Yaros, Don Moses, Alfonso Holliday, and other persons individually and in their official capacities as police officers, guards, and medical staff employed at and serving at the Lake County Jail, Lake County, Indiana, whose true names and identities are unknown. IT IS SO ORDERED.