983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles E. FERGUSON, Plaintiff/Appellant,
v.
Gary R. McCAUGHTRY, et al., Defendants/Appellees.
 No. 89-2552.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 10, 1992.*
Decided Jan. 7, 1993.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Appellant Charles Ferguson, an inmate at Waupun (Wisconsin) Correctional Institution ("WCI"), filed a suit under 42 U.S.C. § 1983 against four prison officials, alleging that they violated his rights under the Due Process Clause of the Fourteenth Amendment by unjustly placing him on temporary lock-up status, by denying him the right to call a witness at his disciplinary hearing, and by failing to return his personal property to him. The district court denied, without prejudice, Ferguson's request to proceed on any of his claims in forma pauperis, finding them frivolous. 28 U.S.C. § 1915(d). Ferguson appeals.[1]
 
 
 2
 The only facts relevant to this appeal concern the disciplinary hearing, because Ferguson waived his other claims by not raising them in his appellate brief. Fed.R.App.P. 28(a)(5); Sere v. Board of Trustees of the Univ. of Illinois, 852 F.2d 285, 287-88 (7th Cir.1988). Ferguson was charged with assaulting Officer Ruple. At his disciplinary hearing, Ferguson was denied the opportunity to call Ruple as a witness. Had he been able to call Ruple as a witness, Ferguson contends, he would have shown that he did not assault Officer Ruple, but that he only attempted to snatch a telephone away from him. The disciplinary committee found Ferguson guilty, and McGaughtry affirmed the committee's findings.
 
 
 3
 We review the district court's denial of Ferguson's request to proceed with his suit in forma pauperis for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). The district court did not abuse its discretion in denying Ferguson's request if Ferguson can make no rational argument in law or fact to support his claim. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989); Smith-Bey v. Hospital Admin., 841 F.2d 751, 757 (7th Cir.1988) (quoting Corgain v. Miller, 708 F.2d 1241, 1247 (7th Cir.1983)). This requires us to examine Ferguson's substantive complaint to determine whether it states an arguable basis for relief. Since Ferguson filed his complaint pro se, we construe it liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Richardson v. Penfold, 839 F.2d 392, 394 (7th Cir.1988).
 
 
 4
 Ferguson contends that his complaint presents an arguable basis for relief under the Due Process Clause of the Fourteenth Amendment. See Wolff v. McDonnell, 418 U.S. 539 (1974). We disagree. Although Ferguson certainly had the right to call witnesses and present documentary evidence in his defense, that right is not unqualified. Id. at 555-56. He had no right to confront and cross-examine his accuser, see Baxter v. Palmigiano, 425 U.S. 308, 322-23 (1976), Wolff, 418 U.S. at 567-69 (1974), and Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir.1992), yet that non-existent right serves as the gravamen of his complaint. Confrontation and cross-examination present hazards to institutional interests, a fact acknowledged by the Supreme Court in leaving the discretion to allow confrontation and cross-examination in the hands of prison officials. See Wolff, 418 U.S. at 569. Ferguson therefore can make no rational argument that would support his contention that the defendants deprived him of his rights under the Due Process Clause by refusing to allow him to confront and cross-examine Ruple.
 
 
 5
 Moreover, it is not enough for Ferguson to show that he should have had a hearing of a particular sort. He must show, with some degree of probability, that such a hearing would have prevented the deprivation of which he complains. Garza v. Henderson, 779 F.2d 390, 396 (7th Cir.1988). This Ferguson cannot do. Even if Ferguson had been allowed to confront and cross-examine Ruple, he still would have been found guilty of assault, for Ferguson admits in his complaint that he put Ruple in imminent apprehension of harmful or offensive contact by attempting to grab him. This fatal admission by Ferguson forecloses the possibility of him making a rational argument that he was injured by not being allowed to present Ruple as a witness.
 
 
 6
 The district court did not abuse its discretion in denying his request to proceed in forma pauperis. The district court's judgment is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The district issued its order denying Ferguson leave to proceed in forma pauperis on June 29, 1989. Ferguson filed his notice of appeal on July 25, 1989. On August 8, 1989, Ferguson filed a motion requesting to proceed on appeal as a pauper. But he filed his motion with this court, not with the district court as required by Rule 24(a) of the Federal Rules of Appellate Procedure. As a result, the district court did not receive Ferguson's motion until October 24, 1990. Recognizing that it retained jurisdiction to decide the motion, the district court granted Ferguson leave to proceed on appeal in forma pauperis. Since Ferguson filed a timely notice of appeal from the district court's final order of June 29, 1989, we have appellate jurisdiction
 Ferguson placed the wrong docket number on his brief. The brief filed in this appeal addressed another of Ferguson's appeals, docketed as No. 90-1035. Recognizing his mistake, Ferguson moved on May 29, 1992 to extend the time to file his brief, to withdraw the brief that he originally filed for this appeal and to replace it with the correct brief, and to consolidate this appeal with No. 90-1035. This motion has yet to be decided. Accordingly, we grant Ferguson's request to extend the time to file his brief, and we grant Ferguson leave to withdraw the originally filed brief and to replace it with the correct brief. We deny Ferguson's request to consolidate this appeal with No. 90-1035.