**Aldwin T. McNEAL, Plaintiff,**

v.

**Phil MACHT, Jay Sandstrom, Patricia Goodrich, Joseph Siebel, and Jean Holland, et al., Defendants.**

**No. 88–C–1254.**

United States District Court,
E.D. Wisconsin.

May 3, 1991.

James E. Doyle, Atty. Gen. by David E. Hoel, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On November 25, 1988, the plaintiff, currently incarcerated at the Wisconsin Resource Center, filed this action seeking declaratory relief and money damages under § 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983. The defendants are employees of the State of Wisconsin who have been named only in their individual capacities; they have filed a motion for summary judgment, supported with affidavits and exhibits. The motion will be granted in part and denied in part.

### I.

As a threshold matter, the defendants assert that the plaintiff has failed to raise a genuine issue of material fact simply because he has proffered no documentary evidence contradicting the factual assertions of the defendants in opposition to their motion for summary judgment. The plaintiff has filed only a brief, unaccompanied by any sworn statements or evidentiary materials, in opposition to the defendants' motion. In their reply, the defendants further contend, quite correctly, as follows:

> Plaintiff has offered no admissible proof in the form of affidavits or documentary evidence with his brief. All plaintiff's brief does is recount facts alleged in his complaint and allude to "facts" and documents which are not in the record and properly before the court.

Defendants' Reply Brief at 2.

It may be that in most cases the plaintiff's failure to oppose a defendants' motion for summary judgment with evidentiary materials would obligate a determination that there is no genuine issue of material fact for trial. However, this is a case in which the Federal Rules of Civil Procedure, a local rule adopted by this district

Aldwin T. McNeal, pro se.

court, the pro se civil rights form complaint required by this district court, and a federal statute combine to call for a different result.

### A.

Summary judgment procedure in the federal courts is governed by Rule 56, Federal Rules of Civil Procedure. Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(e) further states:

> ... When a summary judgment motion is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavit or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial.

The Supreme Court has acknowledged that "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except the mere pleadings themselves....*" Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (emphasis added).

The various branches of this district court have collectively undertaken to refine summary judgment procedure in pro se litigation through local rules of practice and procedure, *see* Local Rule 6, Section 6.04. *See also* Rule 83, Federal Rules of Civil Procedure (enabling district courts to make rules governing practice not inconsistent with the Federal Rules). The relevant local rule, in pertinent part, states as follows:

> If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant shall comply with the following procedure:
>
> 1. The motion shall include a short and plain statement that any factual assertion in the movant's affidavit(s) will be accepted by the court as being true unless the party unrepresented by counsel submits his own affidavit(s) or other documentary evidence contradicting the factual assertion.
>
> 2. In addition to the foregoing statement, the text to Fed.R.Civ. P. 56(e) and (f) shall be part of the notice.

Local Rule 6, Section 6.04.

The branches of this court have also collectively approved a form "Complaint Under the Civil Rights Act, 42 U.S.C. Sec. 1983" ("form complaint"). Prospective pro se plaintiffs are "required" to submit their claims on the form complaint. *See* Local Rule 12, Section 12.02 (governing pro se prisoner claims). Among other things, the form complaint calls for the prospective pro se plaintiff to make a statement of claim consisting of the "essential facts" of the case, not unlike any complaint. However, the final lines of the form complaint appear as follows:

> I declare under penalty of perjury that the foregoing is true and correct
>
> Complaint signed this ____ day of _____, 19____.
>
> _____
> (signature of plaintiff(s)).

In this respect, the form complaint invites the pro se plaintiff to make an unsworn declaration that, if properly executed, fully complies with the following federal statute:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the ... affidavit, in writing of the person making the same, such matter may, *with like force and effect,* be supported, evidenced, established, or proved by the unsworn declaration, ... in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> *    *    *    *    *    *
>
> (2) If executed within the United States ...: "I declare (or certify, verify,

or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)

(Signature)".

28 U.S.C. § 1746 (emphasis added) (parenthetical omitted).

## B.

█ The defendants have filed a motion for summary judgment pursuant to Rule 56, and have fully complied with Local Rule 6, Section 6.04. According to the procedures set forth by the Supreme Court, the defendants, as movants, have the burden of showing that there is no genuine issue of fact; however, the plaintiff retains his own burden of producing evidence that would support a jury verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 267, 106 S.Ct. 2505, 2519–20, 91 L.Ed.2d 202 (1986). *See also Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552 ("Rule 56(c) mandates the entry of summary judgment, ... upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

However, in opposition to the defendants' motion, the pro se plaintiff, who initiated the action by filing the form complaint, and who later filed an amended form complaint, has rested upon the allegations of those pleadings instead of setting forth specific facts, by affidavit or otherwise, in an effort to show that there is a genuine issue of material fact for trial. *See* Rule 56(e), Federal Rules of Civil Procedure (the nonmovant "may not rest upon the mere allegations" of his pleadings). Ordinarily, having done so, the pro se plaintiff, who carries the burden of proof, would be deemed to have failed to create a genuine issue of material fact for resolution at trial.

Indeed, the defendants point out that their motion "informed the plaintiff that any factual assertion in the defendants' affidavits would be accepted by the court as being true unless the plaintiff submitted his own affidavits or other documentary evidence contradicting those factual asser-

tions" in compliance with the local rule. Defendants' Reply Brief at 1. They now call for that local rule to work to their benefit. However, they overlook the fact that the rule places restrictions only upon them, the movants. The rule certainly does not purport to impose any additional restrictions upon the pro se plaintiff, nor does it *obligate* the court to accept as true the factual assertions in the movant's affidavits. The purpose of the rule is simply to ensure that the movant informs the pro se nonmovant of the potential consequences of a failure to proffer the evidentiary materials called for by Rule 56(e).

More significantly, the defendants have also overlooked the effect of 28 U.S.C. § 1746. When a pro se plaintiff has declared in his form complaint under penalty of perjury that, among other things, the factual allegations contained in his statement of claim are true and correct, as called for by 28 U.S.C. § 1746, he ostensibly faces criminal prosecution for perjury should it be proved that he willfully or knowingly made material statements that are false, *see* 18 U.S.C. §§ 1621, 1623. In return, the statute extends a benefit: the factual allegations of the pro se form complaint must be endowed with the evidentiary force of an affidavit. *See* 28 U.S.C. § 1746 ("Wherever, ... under any rule ... made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the ... affidavit, in writing of the person making the same, such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, ... in writing of such person which is subscribed by him, as true under penalty of perjury"). In other words, when a pro se plaintiff properly executes such a form complaint, which calls for a declaration in conformity with 28 U.S.C. § 1746, the plaintiff's statement of claim is transformed from "mere allegations" of a pleading into "specific facts" as in an evidentiary affidavit. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 197–98 & n. 1 (9th Cir.1987) (per curiam); *Reese v. Sparks*, 760 F.2d 64, 67 & n. 3 (3d Cir.1985); *Murrell v. Bennett*, 615 F.2d 306, 310 & n. 5 (5th Cir.1980); *Hodgin*

*v. Agents of Montgomery County*, 619 F.Supp. 1550, 1552 (E.D.Pa.1985).

Therefore, the plaintiff's failure to proffer evidentiary materials directly in opposition to the defendants' motion in this case, without more, does not mandate the entry of summary judgment in favor of the defendants. Under 28 U.S.C. § 1746, the factual allegations of the plaintiff's amended form complaint will be examined along with the defendants' evidentiary materials to determine whether there is a genuine issue of material fact.

## II.

The plaintiff's amended complaint includes the following paragraphs:

\*        \*        \*        \*        \*        \*

2. On October 16, 1988 inmate William Darrington physically assulted [sic] the plaintiff.

3. William Darrington is and was known to be by the defendants an aggressive homosexual.

4. On prior occasions William Darrington has engaged in aggressive behavior against other inmates at various institutions.

5. Defendants Jean Holland and Joseph Siebel stood by and failed to render assistance during the attack upon the plaintiff.

6. Defendants Holland and Siebel interferred [sic] when another inmate tried to assist the plaintiff and sent the other inmate to his room.

7. The assault lasted about 7 minutes during which time defendants Siebel and Holland did nothing.

8. The plaintiff was repeatidly [sic] bit and hit about the face and head by William Darrington.

\*        \*        \*        \*        \*        \*

12. Defendants Holland and Siebel's failure to call for assistance and failure to assist plaintiff caused plaintiff physical injury as well as emotional and mental anguish.

Amended Complaint at 3–4. At least some of these paragraphs set forth non-conclusory evidentiary facts, based upon the plaintiff's personal knowledge, that would be admissible at trial. While it may be that there is "better" evidence than that shown here, that is not of present concern.

The defendants' motion may be granted only if they demonstrate that the plaintiff's evidence is incapable of supporting a favorable jury verdict to him or if they are otherwise able to demonstrate the absence of a genuine issue of material fact and their entitlement to the entry of summary judgment as a matter of law.

## III.

The defendants' initial contention is that the Wisconsin Resource Center, as a "program of a state agency," must be dismissed from the action because it is not a "person" under 42 U.S.C. § 1983. That may be true, *see Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311–12, 105 L.Ed.2d 45 (1989), but is of no moment. Had counsel for the defendants examined the plaintiff's *amended* complaint, they would have found that the Wisconsin Resource Center is no longer a defendant in this action. The remaining defendants, each named only in an individual capacity, are as follows: Defendant Macht is the superintendent of the Wisconsin Resource Center; defendant Sandstrom is the security director at the Wisconsin Resource Center; defendants Siebel and Holland are aides employed at the Wisconsin Resource Center; and defendant Goodrich is the secretary of the Wisconsin Department of Health and Human Services. None of the defendants dispute that the plaintiff was injured by inmate William Darrington at the Wisconsin Resource Center on October 16, 1988.

However, defendants Macht, Sandstrom, and Goodrich each contend that they were not personally involved in the events described in the plaintiff's amended complaint to a sufficient degree to sustain an individual capacity claim under § 1983. An individual capacity claim under § 1983 is predicated upon individual fault. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir.1986); *Wolf–Lillie v. Sonquist*, 699

F.2d 864, 869 (7th Cir.1983). Each of these defendants is a supervisory official. However, the liability of supervisory officials under § 1983 may not be predicated on the doctrine of respondeat superior. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). Therefore, the plaintiff's theory of § 1983 liability must be that each of these defendants "knowingly, willfully, or at least recklessly caused the alleged deprivation by his [or her] action or failure to act." *Rascon,* 803 F.2d at 274. *Cf. Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir.1988) (to be liable under § 1983 "supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see").

That theory cannot be sustained, because the plaintiff has failed to produce any evidence revealing any individual fault on the part of defendants Macht, Sandstrom, and Goodrich for the complained-of injuries. To the contrary, as the uncontroverted affidavits of each of these defendants demonstrate, none was present at the Wisconsin Resource Center at the time the plaintiff was injured, none was responsible for direct supervision of inmates, and none was responsible for the direct supervision of aide staff. The plaintiff has been unable to create a genuine issue of material fact as to the personal fault of these defendants and, therefore, each is entitled to a summary judgment of dismissal as a matter of law.

As to defendants Siebel and Holland, the plaintiff asserts that they "stood by and failed to render assistance" as he was beaten and bitten by inmate Darrington. Defendants Siebel and Holland both concede that they were present when the plaintiff was beaten and injured by inmate Darrington. Nevertheless, they assert that their handling of the situation resulting in the plaintiff's injuries was within constitutional limits. Under the eighth amendment's proscription of cruel and unusual punishment, the plaintiff would be entitled to recover from those two defendants only if he can prove that they acted with "deliberate indifference"—either in reckless disregard of his welfare or with actual intent to harm him. *Richardson v. Penfold,* 839 F.2d 392, 394–95 (7th Cir. 1988). *See also Duckworth v. Franzen,* 780 F.2d 645, 652 (7th Cir.1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986); *Benson v. Cady,* 761 F.2d 335, 339 (7th Cir.1985) ("A defendant acts recklessly when he disregards a substantial risk of danger that either is known to him or would be apparent to a reasonable person in his position.").

Defendants Siebel and Holland contend that the plaintiff was a willing participant in a "fight," which contrasts sharply with the plaintiff's claim that he was the victim of an unprovoked assault by an inmate who was known to be dangerous. Defendants Siebel and Holland also assert that they quickly sounded the trouble call and then waited for staff assistance, which arrived within ten seconds. That, too, contrasts sharply to the plaintiff's assertion that he was assaulted—repeatedly bit and hit about the face—by inmate Darrington *for some seven minutes* as defendants Siebel and Holland "did nothing." Furthermore, the defendants' response to the plaintiff's requests for the production of documents includes an incident report completed by yet another prison aide, Richard Norenberg. Mr. Norenberg recounted that when he arrived on the scene inmate Darrington "was on top of inmate Aldwin McNeal [the plaintiff], hitting McNeal with a closed fist in the face," a version of events that is consistent with the plaintiff's assertions. *See* Defendants' Exhibit 105.

As the Supreme Court has cautioned, at this procedural posture, "[t]he evidence of the *nonmovant* is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986) (emphasis added); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). The court finds that the plaintiff's assertions, given evidentiary force as they must under 28 U.S.C. § 1746, with all justifiable inferences drawn in his favor, are capable of sustaining his claim. It is fair

to say that the plaintiff's description of the events suggests that defendants Siebel and Holland may be found to have behaved with "deliberate indifference" to the plaintiff's welfare—that they disregarded a substantial risk of danger to the plaintiff that either was known to them or would have been apparent to reasonable persons in their positions. The defendants' conflicting evidence demonstrates only that there exists a genuine issue of material fact for trial as to the constitutionality of the conduct of defendants Siebel and Holland.

■ In the alternative, defendants Siebel and Holland urge that they are entitled to qualified immunity from § 1983 liability, citing *Procunier v. Navarette*, 434 U.S. 555, 561–62, 98 S.Ct. 855, 859–60, 55 L.Ed.2d 24 (1978). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Wade v. Hegner*, 804 F.2d 67, 70 (7th Cir.1986). Under *Harlow* and its progeny, the "qualified immunity analysis entails a purely objective inquiry to determine whether at the time of the alleged illegal act, the right asserted by the plaintiff was clearly established in the particular factual context." *Polenz v. Parrott*, 883 F.2d 551, 554 (7th Cir.1989).

The defendants suggest that the alleged violation of the plaintiff's constitutional rights lies in a "gray area" within which there "could reasonably be excusable mistakes." Defendants' Brief at 17. Moreover, they urge that the plaintiff not be permitted to convert the rule of qualified immunity into a rule of "unqualified" immunity simply by alleging the violation of "extremely abstract rights," citing *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Defendants' Brief at 17. *See also K.H. through Murphy v. Morgan*, 914 F.2d 846, 851 (7th Cir.1990) (struggling with the bounds of the qualified immunity doctrine). It is not surprising, therefore, that the defendants have characterized the plaintiff's claim as one to a constitutional right "to intervention by another inmate to break up a fight between two inmates." Defendants' Brief at 18.

It is true that the plaintiff has asserted that his harm might have been averted had inmate James Toy not been ordered by defendants Siebel and Holland not to intervene, but the court declines to accept such a crabbed characterization of the plaintiff's claim. The plaintiff's claim is properly characterized as one in which the defendants, in deliberate indifference to his welfare, failed to render assistance to him when he was being assaulted by another inmate. It has for some time been established that prison staff who act (or fail to act) with "deliberate indifference" to the welfare of an inmate—including one under an attack by another inmate—do so in violation of the eighth amendment. *Duckworth v. Franzen*, 780 F.2d 645, 652 (7th Cir.1985), *cert. denied*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). In fact, on February 24, 1988, only a few months before the October 16, 1988, incident precipitating this action, the court of appeals for the seventh circuit reaffirmed that rule, *see Richardson v. Penfold*, 839 F.2d at 394–95.

Qualified immunity is an affirmative defense, and the defendants, to prevail on that issue on their motion for summary judgment, were obligated to carry their burden of proof with satisfactory evidence. They have not done so. Because the court has "reason to believe that the better course would be to proceed to a full trial," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986), of the plaintiff's claims against defendants Siebel and Holland, the court will deny their motion for summary judgment of dismissal.

Therefore, IT IS ORDERED that the motion for summary judgment by defendants Macht, Goodrich, and Sandstrom be and hereby is granted.

IT IS ALSO ORDERED that all claims against defendants Macht, Goodrich, and Sandstrom be and hereby are dismissed with prejudice.

IT IS FURTHER ORDERED that the motion for summary judgment by defen-

dants Siebel and Holland be and hereby is denied.