Elham RAHIM and Zaki Pantry Food, Inc., A Wisconsin Corporation d/b/a Zaki Food Pantry, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 90–C–1169.

United States District Court, E.D. Wisconsin.

Sept. 30, 1992.

Aaron Starobin, Starobin & Associates, Thiensville, Wis., for plaintiffs.

Christian R. Larsen, U.S. Dept. of Justice, Office of U.S. Atty., Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BITTNER, United States Magistrate Judge.

### NATURE OF CASE

On July 15, 1992 the defendant, United States of America, filed a motion for summary judgment upholding the decision of the United States Department of Agriculture, Food and Nutrition Service (hereinafter referred to as FNS), disqualifying the plaintiffs, Elham Rahim and Zaki Pantry Food, Inc., from participating in the food stamp program for a period of three (3) years. The plaintiffs have not responded

to this motion. For the reasons stated below, the Court grants the defendant's motion for summary judgment.

## BACKGROUND

The plaintiffs commenced this action on December 6, 1990, pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.10, seeking judicial review of the FNS' decision withdrawing their authorization to participate in the food stamp program for a period of three (3) years. They alleged the FNS decision was contrary to the evidence, in that Zaki Pantry Food, Inc. did not: a) engage in business absent Special Supplemental Food Program for Women, Infants, and Children (hereinafter referred to as WIC) authorization; b) have an unacceptable history with the food stamp program; or c) submit false, erroneous, or misleading information relative to ownership and management, nor did plaintiff Elham Rahim submit such information. They further alleged the decision of the FNS was harsh and oppressive, because it withdrew their food stamp authorization for an indefinite period of time. As relief, the plaintiffs sought a trial *de novo* and reversal of the FNS decision, with reinstatement to the food stamp program or remand for further proceedings.

Subsequently, the parties consented to United States Magistrate jurisdiction, pursuant to 28 U.S.C. § 636(c) and Local Rule 13.05 (E.D.Wis.). On March 15, 1991 this Court entered an order granting the plaintiffs' motion for stay of action, pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.10(d), thereby permitting the plaintiffs to accept food stamps and participate fully in the food stamp program until further order of the Court. On June 12, 1992 this Court ruled the *proviso* of 7 U.S.C. § 2023(a) for *de novo* review was compatible with a summary judgment disposition, in cases where there are no material facts in dispute, and set a briefing schedule for summary judgment motions. In accordance with that schedule, the defendant filed its motion for summary judgment. No response was filed by the plaintiffs and the time for any such submission expired.

As this case arises under 7 U.S.C. § 2023, this Court has jurisdiction under 28 U.S.C. § 1346.

From the defendant's statement of undisputed facts, the following facts do not appear to be in dispute. *See* Local Rule 6.05(d) (E.D.Wis.) (in deciding a motion for summary judgment, the Court will conclude there is no genuine issue as to any proposed findings of fact to which no response is set out).

## UNDISPUTED FACTS

By letter of July 19, 1990 the State of Wisconsin, Department of Health and Human Services, Division of Health (hereinafter referred to as DH & HS), informed the plaintiffs they were being disqualified from WIC, based on Zaki Pantry Food, Inc.'s: 1) acceptance of WIC drafts without program authorization, 2) submission of false information to WIC regarding store ownership, and 3) the adverse history of Mohammad Zaki Ahmad with the WIC and food stamp program, which resulted in a September 21, 1989 notice of termination from WIC for three (3) years for program abuse.

According to this letter, the DH & HS' investigation revealed the plaintiffs were accepting and depositing WIC drafts as late as May 24, 1990, despite a change of ownership in the Zaki Pantry Food, Inc. on April 1, 1990, in violation of administrative regulations which provide a change of ownership automatically terminates the previous vendor's WIC authorization. The disqualification letter further stated John P. Sabin, Vendor Relations Manager for the Wisconsin WIC, informed plaintiff Elham Rahim on April 19, 1990 that she could not accept WIC drafts until authorized to do so. The letter indicated that, under Wis.Admin.Code § HSS 149.06(1)(a)(7)(c) & (10), provision of false information on a WIC application regarding the vendor's ownership or management, and acceptance of WIC drafts prior to receiving authorization from the state WIC office, respectively, are Class A Offenses. Finally, the plaintiffs were advised of their right to appeal from the WIC disqualification decision and that federal regulations provide

for withdrawal of the food stamp program authorization for a store disqualified from WIC, and, consequently, the food stamp program would be informed of the WIC disqualification. The plaintiffs did not appeal the July 19, 1990 WIC disqualification.

Thereafter, by letter dated September 25, 1990, the FNS notified the plaintiffs that food stamp program authorization was being withdrawn because of the denial of WIC authorization, with citation to 7 C.F.R. § 278.1(b)(3)(ii) and 7 C.F.R. § 278.1(o)(1) (recodified as 7 C.F.R. § 278.1[n][1] eff. 9–30–90). The plaintiffs were further informed their authorization to participate in the food stamp program was being withdrawn for three (3) years, because of the seriousness of their previous activities in WIC and their three (3) year disqualification from WIC. The withdrawal decision became the final decision of the FNS on November 7, 1990, when the Administrative Review Division affirmed the order withdrawing Zaki Pantry Food, Inc.'s participation in the food stamp program, relying upon 7 C.F.R. § 278.1(o)[1], and §§ 278.1(b)(ii), (iv), (v), and (vi).

A June 21, 1990 letter from the FNS, notifying the plaintiffs of their authorization to participate in the food stamp program, advised them to become familiar with the food stamp regulations, because violations of such regulations could result in the loss of authorization to participate in the program.

## ANALYSIS

■ The standards applicable in reviewing a motion for summary judgment are as follows. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. See also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505,

2510, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); McNeal v. Macht, 763 F.Supp. 1458, 1460–61 (E.D.Wis.1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S.Ct. at 2510. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S.Ct. at 2510. The burden of showing the needlessness of a trial—(1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law—is upon the movant.

However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. at 267, 106 S.Ct. at 2519. See also, Celotex Corp. v. Catrett, 477 U.S. at 324, 106 S.Ct. at 2553 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves …"); Fed. R.Civ.P. 56(e) ("When a summary judgment motion is made and supported as provided in [Rule 56(c) ], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial"). The Supreme Court determined "Rule 56(c) mandates the entry of summary judgment, … upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. at 322, 106 S.Ct. at 2552 (emphasis added). Furthermore, "[a] district court need not scour

---

1. All subsequent citations will be to the regulation, as it currently appears in the Code of Federal Regulations, as 7 C.F.R. § 278.1[n][1].

the record to make the case of a party who does nothing." *Herman v. City of Chicago,* 870 F.2d 400, 404 (7th Cir.1989).

Pursuant to the Food Stamp Act of 1977 (hereinafter referred to as Act), as amended, Congress authorized the Secretary of Agriculture to administer the food stamp program and to promulgate such regulations as he deems necessary for the effective and efficient administration of the program. 7 U.S.C. §§ 2011–2029. The FNS has been designated by the Secretary as the agency to act on his behalf and to implement the food stamp program. The Act provides for the issuance and use of food stamp coupons by low-income households to be used to purchase food from retail and wholesale stores.

The Act provides that any participating retail food store may be disqualified from the food stamp program for a given period of time "on a finding, made as specified in the regulations, that such store or concern has violated any provisions of this Act or regulations issued pursuant to this Act." 7 U.S.C. § 2021(a). As relevant here, the regulations provide the FNS "shall withdraw" the food stamp program authorization of any firm which is disqualified from WIC for certain specified reasons, including for "[r]eceiving, transacting, and/or redeeming WIC food instruments outside of authorized channels." 7 C.F.R. § 278.-1(n)(1)(iii). The regulation further mandates food stamp program authorization shall not be withdrawn from a firm which is disqualified from WIC "unless prior to the time prescribed for securing review of the WIC disqualification action, the firm was provided with notice that it could be withdrawn from the Food Stamp Program based on the WIC violation." 7 C.F.R. § 278.1(n)(2).

■ Previously, in its June 12, 1992 order, this Court ruled *de novo* review under 7 U.S.C. § 2023(a) would encompass the issue of whether the FNS validly applied the regulations to disqualify the plaintiffs from participation in the food stamp program. The undisputed facts disclose the regulations were properly applied by the FNS in its November 7, 1990 disqualifica-

tion decision, which was predicated upon the July 19, 1990 adverse WIC action. The July 19, 1990 DH & HS' letter disqualifying the plaintiffs from WIC specifically cited their improper acceptance of WIC drafts without authorization, which constitutes a basis for mandatory withdrawal of food stamp program authorization under 7 C.F.R. § 278.1(n)(1)(iii). The July 19, 1990 letter also provided explicit notice that the federal regulatory scheme provided for the withdrawal of food stamp program authorization for a store that is disqualified from WIC, fulfilling the notice requirement of 7 C.F.R. § 278.1(n)(2). Based on the record, this Court concludes the defendant has established there is no genuine issue of fact regarding the validity of the FNS disqualification decision. The plaintiffs have failed to meet their burden of producing any evidence which could support a finding by a preponderance of the evidence that the FNS action was invalid. *See Warren v. United States,* 932 F.2d 582, 586 (6th Cir. 1991); *Wilson v. United States,* 651 F.Supp. 701, 705 (E.D.Wis.1986).

■ Having concluded the decision of the FNS was valid, the only question remaining is whether the withdrawal of food stamp authorization for a period coinciding with the three (3) year WIC disqualification was arbitrary and capricious. *Carlson v. United States,* 879 F.2d 261, 263 (7th Cir. 1989); *McGlory v. United States,* 763 F.2d 309, 311 (7th Cir.1985); *Wilson v. United States,* 651 F.Supp. at 705; *De La Nueces v. United States,* 778 F.Supp. 191, 195 (S.D.N.Y.1991). To be considered arbitrary or capricious, the agency's action must have been "unwarranted in law or without justification in fact." *Nowicki v. United States,* 536 F.2d 1171, 1178 (7th Cir.1976), *cert. denied,* 429 U.S. 1092, 97 S.Ct. 1103, 51 L.Ed.2d 537 (1977) (citation omitted). 7 U.S.C. § 2021(b)(1) provides that an initial disqualification from the food stamp program shall be "for a reasonable period of time" of no less than six (6) months, but not more than five (5) years. *See also,* 7 C.F.R. § 278.6(a).

In informing the plaintiffs they were being disqualified from the food stamp pro-

gram for a period of three (3) years, the FNS cited the seriousness of the plaintiffs' previous activities in WIC and the fact the WIC disqualification was also for three (3) years. The three (3) year disqualification is within the time parameters for an initial disqualification set forth in 7 U.S.C. § 2021(b)(1). Furthermore, the FNS acted in accordance with Section 278.1(n)(1), which requires it to withdraw food stamp program authorization from any firm found to have been disqualified from WIC participation, based upon violation of certain WIC regulations. Although in their complaint the plaintiffs contend the FNS action was "harsh and oppressive", because it withdrew their food stamp authorization for an indefinite period time, a "harsh" penalty is not tantamount to arbitrary or capricious action. *See Carlson v. United States*, 879 F.2d at 262. Furthermore, the plaintiffs are incorrect in asserting the disqualification was for an indefinite period of time. Instead, the FNS clearly advised the plaintiffs the disqualification is for a three (3) year period. The history surrounding the codification of the regulation, currently denominated Section 278.1(n), also supports the validity of the penalty imposed. *See* 51 Fed.Reg. 43,613 (1986); 52 Fed.Reg. 13,221 (1987). This history reflects the view that the WIC violations enumerated in Section 278.1(n) are serious, requiring automatic withdrawal from the food stamp program, because such WIC violations clearly demonstrate a lack of business reputation and integrity requisite to participation in the food stamp program.

In sum, this Court concludes that, based upon the record and applicable law, there are no genuine issues of material fact. The plaintiffs have not established that the FNS incorrectly applied the regulations by either improperly disqualifying them from the food stamp program or imposing an arbitrary or capricious penalty. Since this Court so concludes, the FNS' disqualification decision will be upheld and this Court's prior stay of the disqualification order will be lifted.

## CONCLUSION

NOW THEREFORE, IT IS ORDERED that the defendant's motion for summary judgment of affirmance be and hereby is GRANTED;

IT IS FURTHER ORDERED that this Court's March 15, 1991 stay of the disqualification order be and hereby is LIFTED; and,

IT IS ALSO ORDERED that the Clerk of United States District Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of September, 1992.