**SCHNEIDER NATIONAL, INC., Plaintiff,**

v.

**BRIDGESTONE/FIRESTONE, INC., Defendant.**

No. 99–C–1483.

United States District Court, E.D. Wisconsin.

Aug. 22, 2001.

Tony A. Kordus, Liebmann, Conway, Olejniczak & Jerry, Green Bay, WI, for Plaintiff.

Frank J. Daily, Cory L. Nettles, Stephen P. Fahey, Joshua B. Fleming, Quarles & Brady, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

GORENCE, United States Magistrate Judge.

The plaintiff, Schneider National, Inc. (Schneider), commenced this action against defendant Bridgestone/Firestone, Inc. (Bridgestone) to collect unpaid balances allegedly owed by Bridgestone on an accounts receivable. Schneider alleges that it acquired the accounts receivable pursuant to the July 10, 1998, order of the United States Bankruptcy Court for the Northern District of Georgia which authorized the sale to Schneider of certain assets of Builders' Transport, Inc., including its accounts receivable.

Jurisdiction over this action is predicated on 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is alleged to exceed $75,000.00. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391. This action was assigned to this court according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 13.03 (E.D.Wis.).[1] The parties have consented to United States magistrate judge jurisdiction.

Both plaintiff Schneider and defendant Bridgestone have filed motions for summary judgment. These motions are ready for resolution and will be addressed herein.

### Standard for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); McNeal v. Macht, 763 F.Supp. 1458, 1460–61 (E.D.Wis.1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." See Anderson, 477 U.S. at 248, 106 S.Ct. 2505. A dispute over "material facts" is "genuine" if "the evidence is such that a

---

1. New local rules came into effect on February 1, 2001, which govern both civil and criminal litigation in this district. See www.wied.uscourts.gov. The parties' summary judgment motions were filed when the previous Local Rules were in effect. The prior Local Rules will be applied.

reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden of showing the needlessness of a trial—(1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law—is upon the movant. In determining whether a genuine issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Therefore, all inferences are taken in the light most favorable to the nonmoving party. *Matter of Wade*, 969 F.2d 241, 245 (7th Cir.1992).

### Relevant Facts[2]

The plaintiff, Schneider National, Inc. (Schneider), is a Wisconsin corporation with its principal place of business located at 3101 S. Packerland Drive, Green Bay, Wisconsin. The defendant, Bridgestone/Firestone, Inc. (Bridgestone), is an Ohio corporation with its principal place of business located at One Bridgestone Park, Nashville, Tennessee.

On May 21, 1998, Builders' Transport, Inc. (Builders) filed a voluntary petition for bankruptcy in the United States Bankruptcy Court in the Northern District of Georgia, Atlanta Division. Prior to Builders' bankruptcy, Bridgestone sold tires to Builders. As of May 21, 1998, Builders owed Bridgestone $639,973.93 for tires sold on credit to Builders by Bridgestone.

Also prior to Builder's bankruptcy, Bridgestone used Builders for certain transportation services. As of May 21, 1998, Bridgestone owed Builders $169,488.04 for transportation services provided by Builders to Bridgestone prior to Builder's bankruptcy.

On July 10, 1998, the Bankruptcy Court entered an order authorizing the sale of Builders' assets to Schneider pursuant to the Asset Purchase Agreement. The order was entitled, "ORDER (I) AUTHORIZING THE DEBTOR (BUILDERS) TO SELL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES; (II) . . . "

The Asset Purchase Agreement between Schneider and Builders provided that as "Purchaser," Schneider was to pay two million dollars into a mutually agreeable escrow until any reductions to the purchase price were made. Under the Asset Purchase Agreement, Schneider receives a "dollar for dollar" reduction in the purchase price "to the extent that Accounts Receivable are uncollectible due to justified set-offs resulting from actions occurring or arising prior to the [Financial Responsibility Date]." The Financial Responsibility Date was July 11, 1998.

Pursuant to the July 10, 1998, order, Schneider purchased Builders' accounts receivable. Included in Builders' accounts receivable was Bridgestone's receivable to Builders for $169,488.04. This receivable was for transportation services provided by Builders to Bridgestone prior to Builders' bankruptcy.

As of May 21, 1998, Bridgestone had not been compensated for the $639,973.93

---

**2.** As a general matter, unless accompanied by citation, the relevant facts are taken from the plaintiff's proposed findings of fact, which are not disputed, and the defendant's proposed findings of fact. Citations to sources of quoted excerpts have been included, even when those excerpts are undisputed.

The plaintiff did not file a response to the defendant's proposed findings of fact Local

Rule 6.05(d) (E.D.Wis.) provided that: "In deciding a motion for summary judgment, the court will conclude that there is no genuine issue of material fact as to any proposed finding of fact to which no response is set out." Therefore, given the absence of any response by the plaintiff to the defendant's proposed findings of fact, they are deemed undisputed.

owed to it by Builders concerning the sale of the tires.

### Analysis

The plaintiff asserts that no genuine issues of material facts exist and that the July 10, 1998, bankruptcy court order transferred the $169,488.04 account receivable owed to Builders by Bridgestone to the plaintiff free and clear of set-offs. In this regard, the plaintiff cites paragraph nine of the July 10, 1998, order. The plaintiff further states that in *Folger Adam Security, Inc. v. DeMatteis/MacGregor JV,* 209 F.3d 252, 263 (3rd Cir.2000), the court was presented with the identical issue and held that any set-off not actually taken prior to 90 days before the filing of the bankruptcy petition were extinguished by the § 363(f) "free and clear period sale."

The plaintiff further maintains that Wis. Stat. § 409.318, which Bridgestone asserts preserves its right to set-offs, pertains to secured transactions and has no application to the instant case. The plaintiff contends that this case does not involve a secured transaction and does not apply to a party's purchase of an account receivable free and clear pursuant to § 363(f) of the Bankruptcy Code. It further contends that the defendant cites no evidence of legislative intent which demonstrates that Wis. Stat. § 409.318 was intended to apply in such a case.

Defendant Bridgestone asserts that as a matter of law its debt is subject to its own right to setoff. Bridgestone contends that it is entitled to summary judgment because Builders' indebtedness to Bridgestone "occurred" and "arose" prior to the July 11, 1998, Financial Responsibility Date. The defendant asserts that the court should hold as a matter of law that it is permitted to set-off the $169,488.04 that it owed Builders prior to the assignment of Builders' assets to Schneider because Builders had an outstanding debt to Bridgestone of $639,973.93.

The defendant further asserts that the Asset Purchase Agreement expressly contemplates adjustment to the purchase price due to "justified set-offs," citing paragraphs 1.4 and 1.5 of that agreement. It further cites Wis.Stat. § 409.318 as being consistent with the result of the Asset Purchase Agreement. The defendant further asserts that under Wisconsin law and the Uniform Commercial Code, an assignee's security interest is subject to all defenses and set-offs that the account debtor could assert against the assignor, citing *Bank of Waunakee v. Rochester Cheese Sales,* 906 F.2d 1185, 1189 (7th Cir.1990).[3]

■ Section 553 of the United States Bankruptcy Code incorporates and preserves the right of setoff available at common law. *United States on Behalf of I.R.S. v. Norton,* 717 F.2d 767, 772 (3d Cir.1983). "Setoff" refers to situations where both the plaintiff and the defendant have independent causes of action maintainable against each other in separate actions which can be mutually deducted whenever either one brings a suit against the other. *Folger Adam,* 209 F.3d at 259 (quoting *Marley v. United States,* 381 F.2d 738, 743, 180 Ct.Cl. 898 (1967) [internal citation omitted] ).

In *Folger Adam,* 209 F.3d at 252, cited by Schneider, the plaintiff purchased the assets of the bankruptcy debtors at an auction free and clear from any other interests pursuant to 11 U.S.C. § 363(f). The plaintiff then brought a breach of contract action against a defendant who

---

**3.** The court notes that the Asset Purchase Agreement provides that the agreement shall be construed in accordance with and governed by the laws of the State of Georgia.

(Affidavit of Joshue B. Fleming in Support of Defendant's Motion for Summary Judgment, ¶ 5, Exh. C, ¶ 7.13 at 13).

had purchased materials from the debtors, but had not remitted payment on the ground that the materials were defective and delivered late. In moving for summary judgment, the plaintiff in *Folger Adam* sought an award of the amounts in its complaint and declaratory relief. Specifically, the plaintiff sought a declaration that the bankruptcy court's order approving the sale and asset purchase agreement transferred the accounts receivables "free and clear" of all rights to setoff, recoupment, counterclaim and other defenses and claims of the defendant. *Id.* at 257. The district court granted summary judgment in favor of the plaintiff and the defendant appealed. *Id.*

The appellate court initially addressed the meaning of the terms, "any interest" and "claim," under § 363(f). *Id.* at 257–64. In holding that the district court had erroneously construed the phrase "any interest" in § 363(f), the appellate court held that the phrase did not include setoff and recoupment since those interests were not similar to those enumerated in the Notice of Auction. *Id.* at 260.

The court further addressed the issue of whether an affirmative defense is a "claim" subject to the "free and clear" provisions of § 363(f). The court held that setoff and recoupment are defenses, not claims under § 363(f). *Id.* at 260–62. Thus, the defendant is correct in its assertions that *Folger Adam* holds that "any interest" does not include setoff and that the definition of "claim" does not include the defense of setoff. However, this did not end the court's analysis of the viability of the setoff at issue.

The court went on to address the impact of a § 363(f) sale upon a defendant's right to setoff. *Id.* at 262–64. The court held that, assuming that the defendant had met the three requirements to maintain a right to setoff under 11 U.S.C. § 553,[4] the right

---

4. Section 553(a) provides in pertinent part:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—
(1) the claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title;
(2) such claim was transferred, by an entity other than the debtor, to such creditor—
(A) after the commencement of the case; or
(B)(i) after 90 days before the date of the filing of the petition; and
(ii) while the debtor was insolvent; or
(3) the debt owed to the debtor by such creditor was incurred by such creditor—
(A) after 90 days before the date of the filing of the petition;
(B) while the debtor was insolvent; and
(C) for the purpose of obtaining a right of setoff against the debtor.

(b)(1) Except with respect to a setoff of a kind described in section 2362(b)(6), 362(b)(7), 362(b)(14), 365(h)(2), or 365(i)(2) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of
(A) 90 days before the date of the filing of the petition; and
(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.
(2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.
(c) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

to setoff would be extinguished if either §§ 362 or 363 were invoked. *Id.* at 263.

In *Folger Adam,* the debtors invoked § 363 to effectuate a "free and clear" sale of the estate property. *Id.* The court explained that it is "possible that an exception to the finding exists where the setoff rights are actually taken prior to the commencement of the bankruptcy proceeding." *Id.* The court held that the defendant "must prove that it actually took a setoff, the amounts and against which contracts, before the bankruptcy filing." *Id.* Thus, the court concluded that the defendant could assert the defense of setoff, but only to the extent that it took an actual setoff prior to bankruptcy. *Id.*

In this case, the parties are in apparent agreement regarding the material facts in this case. *Folger Adam* addressed the legal question of whether a plaintiff who has purchased an accounts receivable by means of a free and clear sale under 11 U.S.C. § 363(f) may collect the outstanding accounts receivable without any right to setoff by the defendant. Under *Folger Adam,* a defendant may only obtain a setoff following a free and clear sale if the setoff was actually obtained prior to the bankruptcy filing. 209 F.3d at 263.

The defendant relies on the court of appeals for this circuit's decision in *Bank of Waunakee,* 906 F.2d at 1189. The *Bank of Waunakee* case involved an appeal of an order granting the defendant's motion for summary judgment on the plaintiff bank's claim for collection of an accounts receivable. The court held that a security interest in accounts receivable was an "assignment" of those accounts within the meaning of Wis.Stat. § 409.318. Section 409.318 provides that the rights of an assignee are subject to all the terms of the contract between the account debtor and the assignor and any claim or defense arising from such contract. Thus, the court held that a secured creditor, as assignee of the accounts receivable, was subject to the account debtor's right to set off.

Unlike the instant case, *Bank of Waunakee* did not arise in the context of a "free and clear sale" of assets under § 363(f) of the Bankruptcy Code. Rather, it involved a question arising under the Uniform Commercial Code (UCC) as to whether a secured creditor who was the assignee of an accounts receivable stood in the shoes of the original holder of the accounts receivable. Schneider is the purchaser of the debtor's assets, including accounts receivables, pursuant to an order of the Bankruptcy Court; it is not as an assignee of an accounts receivable under the UCC. Accordingly, *Bank of Waunakee* is not pertinent to the issue before the court.

Rather, in this case, the plaintiff acquired the accounts receivable from Builders pursuant to a "free and clear" sale under 11 U.S.C. § 363(f) of the Bankruptcy Code. The July 10, 1998, order of the bankruptcy court authorized the sale of Builders' assets to Schneider pursuant to the Asset Purchase Agreement.

■ The sole court of appeals decision addressing the issue of the impact of a setoff, if any, following a free and clear sale is *Folger Adam.* The court in that case engaged in a careful and thorough analysis of the issues. Upon careful review, this court finds *Folger Adam* persuasive. Thus, the defendant may only obtain a setoff following a free and clear sale if the setoff was actually obtained prior to the bankruptcy filing. *See Folger Adam,* 209 F.3d at 263.

In this instance, the defendant has not presented facts indicating that it actually had obtained a setoff prior to May 21, 1998, when Builders filed its voluntary petition for bankruptcy. As such, there is no factual basis for finding that the defendant is entitled to a setoff for the money owed to it by Builders.

In arguing that it has a right to setoff the defendant relies upon the provision of the Asset Purchase Agreement between the plaintiff and Builders. This agreement provided that, as the "Purchaser," the plaintiff was to pay two million dollars into a mutually agreeable escrow until any reductions to the purchase price were made. The defendant further points out that under the Asset Purchase Agreement, the plaintiff was to receive a "dollar for dollar" reduction in the purchase price "to the extent that Accounts Receivable are uncollectible due to justified setoffs resulting from actions occurring or arising prior" to the July 11, 1998, Financial Responsibility Date. The defendant cites no authority which provides that such a provision overrides the terms of a "free and clear sale" under § 363(f) of the Bankruptcy Code.

In light of the foregoing, the plaintiff has established that it is entitled to summary judgment in its favor. Furthermore, the defendant has not established that it is entitled to a setoff. Therefore, the defendant's motion for summary judgment will be denied.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that plaintiff Schneider National, Inc.'s motion for summary judgment be and hereby is **granted.**

**IT IS FURTHER ORDERED** that defendant Bridgestone/Firestone, Inc.'s motion for summary judgment be and hereby is **denied.**

**IT IS ALSO ORDERED** that this action be and hereby is dismissed.

**IT IS FURTHER ORDERED** that the United States District Court Clerk enter final judgment accordingly.